# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# NO. 3:13-CR-00264-FDW-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HECTOR MANUEL CASTANEDA GASTELO, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Inquiry into Status of Counsel" (document # 62) filed on February 18, 2014. The Court held a hearing in this matter on February 24, 2013.

Defendant is charged with conspiracy to distribute and possession with intent to distribute heroin, money laundering conspiracy, and a substantive count of distribution and possession with intent to distribute heroin, pursuant to 21 U.S.C. § 846, 18 U.S.C. § 1956(h), 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) respectively.

During the hearing, the Court heard from Defendant, appointed counsel Emily M. Jones, and the Government. Ms. Jones was appointed shortly before indictment. Defendant had previously been represented by other counsel. Efforts to negotiate a pre-indictment plea agreement were unsuccessful. Since the indictment was returned, Defendant has rejected one plea offer and the Government has withdrawn another. Defendant complains that his plea offer was "too high." He also expresses concerns about his exposure on these charges. While Ms.

Jones expressed concerns about her communication level with the Defendant, the Court does not find sufficient basis to remove her as counsel.

The Court acknowledged the serious nature of the charges and penalties that Defendant faces, but advised him that appointment of new counsel would not change those circumstances and that removing counsel at this stage could actually be detrimental to his case.

"Because the right to choose counsel is not absolute, it necessarily follows that a defendant does not have an absolute right to substitution of counsel. As a general rule, a defendant must show good cause in requesting a new appointed lawyer." United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). Here, Defendant's concerns do not establish good cause for the Court to appoint new counsel. Based upon the foregoing, the Motion is DENIED.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Frank D. Whitney

**SO ORDERED**.

Signed: February 26, 2014

David S. Cayer
United States Magistrate Judge